HARDY, Judge.
This is a suit for damages suffered by a truck belonging to plaintiff, alleged to have resulted from the negligence of the driver-employee of defendant. After trial there was judgment in favor of plaintiff, from which defendant has appealed.
The accident which is the basis for this action occurred on February 12, 1951, on Highway 20, an eighteen foot concrete slab road, in Red River Parish, at a point some two or three miles north of the town of Grand Bayou. At the time the panel body truck of the Continental Baking Company, driven by one William Woodard, was proceeding north on the highway, followed at an interval of some 40 feet by an oil field *724 truck trailer owned by plaintiff and driven by one Ed Price, which truck was being followed in turn, at a distance of some 150 feet, more or less, by a similar truck trailer combination driven by Ben Price, the father of Ed Price, also an employee of plaintiff. Both of plaintiff’s trucks were empty.
At or near the site of the accident an oil field truck owned by defendant, upon which was loaded another truck, driven by one J. L. Walsworth, an employee of defendant, accompanied by F. L. Wirt, a fellow employee, was proceeding south along the highway. All of the vehicles were moving at a speed of approximately 35 miles per hour.
The lead truck of plaintiff prepared to pass the baking company truck, but observed the defendant’s truck approaching from the opposite direction and dropped back to await its passage. The highway at this locale was straight, unobstructed and the weather clear and dry.
The driver of the baking company truck made a sudden emergency application of brakes; the lead plaintiff truck, unable to stop in time without warning of the maneuver of the baking company truck, collided with the rear of the latter vehicle, apparently without serious damage. However, the following plaintiff truck crashed into the rear of the lead truck and sustained damage, necessitating repairs at a cost of some $767.-64, which was the amount of the judgment rendered in favor of plaintiff.
Plaintiff alleges that the accident was caused by the negligence of the driver-employee of defendant, in that a heavy binder chain had loosed itself from its fastenings on defendant’s truck and was bouncing and jolting along the highway, extending entirely across the said highway and imperiling approaching traffic. It is further averred that this imminent danger, observed by the driver of the baking company truck, necessitated an emergency application of brakes; that the chain bounced over the cab of plaintiff’s lead truck, struck the float thereof, in the view of the driver of the following truck, who, occupied by his observation of the chain, failed to observe the emergency stopping of the lead truck. The conclusion urged by plaintiff is that the negligence of the driver of defendant’s truck in permitting the loose chain to fly along the highway across the course of approaching traffic constituted an act of negligence which was the sole and proximate cause of the accident.
Defendant contends, as a proposition of fact, that the chain was not extending across the course of oncoming traffic but, on the contrary, was caught under the rear wheels of the truck; that it did not constitute a danger or menace to traffic, and, finally, that the accident resulted, first, from the failure of the driver of plaintiff’s rear truck to keep a proper lookout and, secondarily, from his failure to observe the statutory provision which requires an interval of 400 feet between motor trucks.
Study of the record convinces us that defendant’s position on the question of fact is untenable. The testimony preponderates in favor of plaintiff’s claim that the chain was loose and was extending across the highway in such manner as to present an obvious danger. The driver of the 'bread truck, who was an impartial witness with respect to the interest of the parties litigant, testified that he first noticed the chain when the defendant’s truck was some 150 to 200 feet distant; that, recognizing the danger, after applying his brakes he ducked below the steering wheel in an attempt to avoid what appeared to him an imminent peril to his safety. It is evident that this witness must have had some reason for his action and the only satisfactory explanation is the one he gives, for certainly, otherwise, there would be no need on an open and unobstructed highway for his emergency effort. The driver of plaintiff’s lead truck, confronted by an emergency stopping of a preceding vehicle, made every effort to avoid a collision, which efforts were reasonably successful. Meantime the driver of the following truck had observed the chain, according to his testimony, pull out from the path of the bakery truck, jump over the cab of plaintiff’s lead truck and strike the float thereof. Impressed by the danger, which was imminently presented, the driver of plaintiff’s second truck had concentrated his attention upon the gyrations of the chain *725 and as a result did not observe the emergency stopping of the preceding vehicle.
We think it is obvious that the loose chain constituted, for all practical purposes, a lethal weapon which was completely out of control, and, according to the weight of the testimony, there was an apparent and serious danger to the drivers of approaching vehicles. The actions of the driver of the bakery truck and the actions of the driver of the second in line of plaintiff’s trucks were not only understandable but completely justified. The chain itself could easily have brought about death or serious injury to any of the drivers of the approaching vehicles.
Under the circumstances we have no hesitancy in reaching the conclusion that the sole and proximate cause of the accident was attributable to the negeligence of defendant’s driver-employee. There remains but one contention for consideration, that is, the applicability, vel non, of the provisions of LSA-RS 32:234, subd. A:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway.”
and the provisions set forth in LSA-RS 32:234, subd. B which requires that a motor truck following another must maintain an interval of 400 feet.
We see no validity in the contention that plaintiff’s drivers were violating the provisions of LSA-RS 32:234, su'bd. A, as above quoted. There was nothing in the condition of the highway or the nature of traffic which would have indicated the necessity for preserving a greater interval than that which was being observed by plaintiff’s drivers.
As to the application of the 400 foot interval regulation, we are not impressed with the violation of this regulation as being a contributory cause to the accident itself. Regardless of the purpose intended by the regulation, which is given some considerable attention by counsel for the parties, unless, upon the facts, it could be shown that the failure to observe the regulation had a direct bearing and was a contributing cause of the accident, we think the failure to observe the regulation would be immaterial. There is nothing which would indicate the possibility of avoidance of the accident even if the trucks had been separated by the prescribed distance.
We think it is obvious that the negligence of the driver of defendant’s truck created a situation which menaced and imperiled the safety of approaching traffic. The principle is well stated in Michelli v. Rheem Manufacturing Company, La.App., 34 So.2d 264, 270, as follows:
“It is a well defined rule of law that he who by his negligence creates a dangerous situation is liable to one who, acting as a reasonably prudent person would act, is injured while attempting to avoid the created danger.”
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.